# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. JACKSON,<br><br>   Petitioner,<br><br>   v.<br><br>ERIC ARNOLD, Warden,<br><br>   Respondent. | Case No.: 1:17-cv-01670-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH FORM PETITION<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE A FIRST AMENDED PETITION<br><br>[THIRTY DAY DEADLINE] |

Petitioner filed a federal habeas petition in the Sacramento Division of this Court on December 8, 2017. On December 13, 2017, the Court determined venue was proper in the Fresno Division and transferred the case. A preliminary screening of the petition reveals that the petition fails to state any claims for relief and fails to demonstrate exhaustion of state remedies. Therefore, the Court will DISMISS the petition with leave to file an amended petition.

**I.    DISCUSSION**

   A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory

1

Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Here, Petitioner has failed to comply with § 2254 or Rule 2(c) by failing to specify any ground(s) for relief, the facts supporting his ground(s), and the relief requested. The petition consists of letters from Petitioner to his appellate attorney, copies of state court pleadings, and various exhibits. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be

dismissed.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should utilize the form petition and entitle his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

### C. Failure to Demonstrate Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th

> Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner does not indicate that he has sought relief in the California Supreme Court as required by the exhaustion doctrine. Rather, it appears he has only sought relief by habeas corpus in the Madera County Superior Court. Because Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. 509, 521-22 (1982).

If in fact Petitioner has exhausted his state remedies, he will have the opportunity to demonstrate exhaustion in his amended petition. If he has not, the petition must be dismissed.

## II.     ORDER

Accordingly, the Court **ORDERS**:

1) The Clerk of Court is DIRECTED to provide Petitioner with a form petition for writ of habeas corpus;

2) The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE for failure to state a claim; and

///
///
///
///
///

3) Petitioner is GRANTED thirty days from the date of service of this order to file a First Amended Petition.

IT IS SO ORDERED.

Dated: **December 16, 2017**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE