# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. JACKSON, | Case No.: 1:17-cv-01670-JLT (HC) |
| Petitioner, | ORDER CONSTRUING MOTION FOR EXTENSION OF TIME AS MOTION TO STAY PROCEEDINGS (Doc. 12) |
| v. | |
| | ORDER STAYING PROCEEDINGS AND DIRECTING PETITIONER TO FILE REGULAR STATUS REPORTS |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner filed a habeas petition in this Court on December 8, 2017. After conducting a preliminary review of the petition, the Court determined that Petitioner had failed to state a claim and had failed to exhaust state remedies. The Court granted him leave to file an amended petition to correct these deficiencies if he could do so. Since then, he has filed motions for extensions of time and stated he was returning to state court to exhaust his state remedies. He seeks an extension of time until the California Supreme Court renders a decision on his petition. Essentially, he is requesting a stay of proceedings until he completes exhaustion of this state remedies. Accordingly, the Court will construe his motion for extension of time as a motion to stay proceedings.

## **DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir.

1

1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id.

Petitioner states he has filed a petition in the California Supreme Court and is currently awaiting a ruling. It appears to the Court that Petitioner is attempting to exhaust his claims in a timely and expeditious manner, and there is no indication that Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory conduct. Therefore, good cause having been presented, the Court will grant a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than 30 days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases were filed, the case numbers, and any outcomes.[1] Furthermore, Petitioner must proceed diligently to pursue his state court remedies, and every 60 days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed 30 days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. The petition should be titled "First Amended Petition," and it must set forth only grounds he has exhausted in the state courts. Further, he must state cognizable grounds for relief as discussed in the Court's screening order of December 18, 2017. (Doc. 6.) Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order.

**ORDER**

Accordingly, the Court **ORDERS**:

1. Petitioner's motion for extension of time (Doc. 12) is construed as a motion to stay the instant proceedings on his habeas petition;

2. Petitioner motion to stay proceedings is **GRANTED** and proceedings are **STAYED**

---

[1] The filing should be entitled "Status Report."

pending exhaustion of Petitioner's state remedies;

3. Petitioner **SHALL** file a status report within 30 days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner **SHALL** file a new status report every 60 days after the filing of the initial status report; and

5. Petitioner is **GRANTED** 30 days following the final order of the state courts within which to file a First Amended Petition to include only exhausted claims.

IT IS SO ORDERED.

Dated: __**April 13, 2018**__      _____**/s/ Jennifer L. Thurston**_
                                        UNITED STATES MAGISTRATE JUDGE