UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. JACKSON,<br><br>    Petitioner,<br><br> v.<br><br>ERIC ARNOLD,<br><br>    Respondent. | Case No. 1:17-cv-01670-LJO-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ECF No. 16. |

    Petitioner Kenneth A. Jackson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF 16. Respondent moves to dismiss the case, arguing that the court should abstain from exercising jurisdiction because petitioner is still litigating his direct appeal. ECF No. 24. While respondent's motion to dismiss was pending, petitioner's direct appeal ended, and he presented his habeas claims in state court. *See People v. Jackson*, No. S250471 (Cal. Sup. Ct. Oct. 24, 2018); ECF No. 16 at 42. However, I recommend dismissing the case for a different reason: the petition plainly shows that petitioner is not entitled to relief.

    Under Rule 4 of the Rules Governing Section 2254 Cases, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The rule allows courts to dismiss petitions that are patently frivolous, vague, conclusory, palpably

1

incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Although this court screened the petition earlier in the case, ECF No. 19, a district court has the inherent authority to reconsider an interlocutory order any time before the entry of judgment. *See Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013); *Intamin, Ltd. v. Magnetar Techs. Corp*, 623 F. Supp. 2d 1055, 1068 (C.D. Cal. 2009). In light of certain facts shown in the exhibits attached to the petition, ECF No. 1 at 44, 46-57, we reconsider our decision to allow petitioner to proceed beyond preliminary review.

Petitioner was convicted of 21 counts of arson in addition to other related offenses, after allegedly starting fires around Yosemite Lakes and in other areas of California. *See generally People v. Jackson*, No. F069966, 2018 WL 3434934 (Cal. Ct. App. July 17, 2018). He contends that the government unlawfully arrested him without probable cause. Specifically, he argues that neither the criminal complaint nor the investigation report submitted after his arrest could show probable cause. ECF No. 16 at 26-39.[1] According to petitioner, because the government had no probable cause to detain him, his trial counsel should have filed a motion to dismiss the case or pursue other procedural devices to raise the probable cause issue. *Id*. at 28, 33-35. The criminal complaint and the investigation report attached to the petition show that petitioner cannot obtain habeas relief. *Id*. at 44, 46-57.

The sole issue here is whether the government had probable cause for petitioner's arrest. "Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *United States v. Johnson*, 913 F.3d 793, 801 (9th Cir. 2019) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)) (internal alterations and quotation marks omitted). Courts examine the events leading up to the arrest and assess historical facts from the standpoint of an objectively reasonable police officer. *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018).

---

[1] Petitioner does not explain the circumstances leading up to his arrest. He appears to assume that only the facts stated in the investigation report prepared a day after the date of his arrest and the criminal complaint could establish probable cause. *See* ECF No. 1 at 26-27. In any event, even if we limit our review to the facts stated in those two documents, petitioner cannot prevail.

Probable cause requires only a "fair probability" that a crime has been committed. *United States v. Johnson*, 913 F.3d 793, 801 (9th Cir. 2019) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)). As the Supreme Court has repeatedly stated, probable cause "is not a high bar." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014)). Documents filed in support of arrest must "be interpreted in a 'common sense'" way rather than in a "hypertechnical manner." *United States v. Brown*, 455 F.2d 1201, 1203 (9th Cir. 1972) (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)).

Here, the exhibits attached to the petition plainly show that petitioner cannot prevail. The investigation report contains statements by Andy Andersen, Fire Chief at the California Department of Forestry and Fire Prevention. *Id*. at 44. Andersen stated:

> From Saturday, May 11, 2013 through Tuesday, June 25, 2013, CAL FIRE law enforcement conducted an investigation into a serial arson problem in the Yosemite Lakes Park area. Through the use of surveillance, officer observation, electronic tracking data and video data, Kenneth Allen JACKSON was identified as the individual responsible for thirty-one (31) fires. The investigation showed all fires were lit in areas that were downhill from home. JACKSON's behavior and premeditation displayed shows the willful and malicious intent of his actions. One of the fires started by JACKSON destroyed a single family home. During the course of a taped interview, *JACKSON also admitted to throwing a cigarette out of the window of his truck, causing one of the fires*.
>
> . . .
>
> I declare under penalty of perjury that the foregoing is true and correct to the best of my information and belief.

*Id*. (emphasis added). The criminal complaint alleges that petitioner and a co-defendant (his wife) agreed to light fires; acquired ignition devices and accelerants; engaged in arson by setting fire to grass, trees, or structures; and observed the progress of fire. *Id*. at 46-57. Given these allegations in the two challenged documents—particularly the allegation that petitioner admitted to starting the fires—the government had the requisite probable cause.

Petitioner argues that neither the report nor the complaint could establish probable cause because the documents: (1) "contain[] no affirmative allegation that the declarant spoke with personal knowledge of the matters contained therein"; (2) do not "indicate any source for the declarant's belief"; and (3) do not "set forth any other sufficient basis upon which a finding of

3

probable cause" could be made. ECF No. 16 at 27. The investigation report does say that Andersen made his statements under penalty of perjury "to the best of [his] information," identifies the sources of information—including petitioner's own admission—and the facts stated establish probable cause. *Id*. at 44. As for the criminal complaint, the government had no obligation to show probable cause in a single document; it could attach documents recounting facts such as those stated in the investigation report to show probable cause. *See United States v. Sedaghaty*, 728 F.3d 885, 911 (9th Cir. 2013); *cf. United States v. Barnes*, 895 F.3d 1194, 1200 (9th Cir. 2018).

In sum, petitioner cannot prevail on his claim that the government lacked probable cause to arrest him. By extension, he cannot prevail on his related claim that his counsel was ineffective in failing to raise the probable cause issue. Petitioner is not entitled to relief.

I recommend that the court decline to issue a certificate of appealability. A petitioner seeking a writ of habeas corpus has no absolute right to appeal a district court's denial of a petition; he may do so only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). A certificate of appealability will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made a substantial showing of the denial of a constitutional right.

**Findings and Recommendations**

I recommend that the court deny respondent's motion to dismiss, ECF No. 24, as moot, dismiss the petition for a writ of habeas corpus, and decline to issue a certificate of appealability.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days of the service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: September 25, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202