1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

KENNETH A. JACKSON,

          Petitioner,

   v.

ERIC ARNOLD,

          Respondent.

Case No.  1:17-cv-01670-LJO-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS THAT COURT DISMISS PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 31)

Petitioner Kenneth A. Jackson, a state prisoner without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 16). The court has referred this matter to a magistrate judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 25, 2019, the assigned magistrate judge issued findings and recommendations that the court deny the petition and decline to issue a certificate of appealability. (Doc. No. 31). On October 12, 2019 Petitioner filed objections to the findings and recommendations. (Doc. No. 32). In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the petitioner's objections, the court concludes the findings and recommendations are supported by the record and proper analysis.

In his objections, petitioner argues that the initial criminal complaint lacked probable cause and that his counsel was ineffective for failure to raise lack of probable cause at trial.

1  These arguments were addressed and dismissed as meritless in the findings and

2  recommendations.  (Doc. No. 32).

3      Petitioner next argues that a felony case cannot be initiated through a criminal complaint.

4  (*See* Doc. No. 32 at 6).  On the contrary, in California the criminal complaint "solidifies the

5  adverse position between the prosecutor and the defendant and marks the commencement of the

6  prosecutorial, as distinct from investigative, phase of the criminal justice process."  *People v.*

7  *Viray*, 134 Cal. App. 4th 1186 (Cal. App. 2005).  In cases where an arrest warrant is sought, as in

8  petitioner's case, a "proceeding for the examination before a magistrate of a person on a charge of

9  a felony must be commenced by written complaint under oath subscribed by the complainant and

10  filed with the magistrate."  Cal. Pen. Code § 806.

11      Relatedly, petitioner argues that he did not have proper notice of the criminal case against

12  him.  (*See* Doc. No. 31 at 10).  The criminal complaint here consisted of ten pages that described

13  the 34 criminal counts against petitioner in detail.  (Doc. No. 16 at 46-56).  This complaint

14  provided sufficient notice to petitioner of the nature of the charges brought against him.

15      Finally, a state prisoner seeking a writ of habeas corpus has no absolute entitlement to

16  appeal a district court's denial of his petition, and an appeal is only allowed in certain

17  circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Specifically, the federal

18  rules governing habeas cases brought by state prisoners require a district court issuing an order

19  denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules

20  Governing § 2254 Case, Rule 11(a).  A judge shall grant a certificate of appealability "only if the

21  applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C.

22  § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.  28 U.S.C.

23  § 2253(c)(3).  "Where a district court has rejected the constitutional claims on the merits, the

24  showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that

25  reasonable jurists would find the district court's assessment of the constitutional claims debatable

26  or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Additionally, for claims denied on

27  procedural grounds, a certificate of appealability should issue "when the prisoner shows, at least,

28  that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

Accordingly,

1. The findings and recommendations issued by the magistrate judge on September 25, 2019, (Doc. No. 31), are adopted in full;

2. The respondent's motion to dismiss, (Doc. No. 24), is denied as moot;

3. The petition for a writ of habeas corpus (Doc. No. 16) is denied;

4. The court declines to issue a certificate of appealability; and

5. The clerk of court is directed to enter judgment in favor of respondent and close this case.

IT IS SO ORDERED.

Dated:   **December 4, 2019**          **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE